Case 2:17-cr-00505-KOB-SGC   Document 42   Filed 02/20/19   Page 1 of 9

FILED
2019 Feb-20 AM 09:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Northern District of Alabama

UNITED STATES OF AMERICA

    v.                                 Case Number  2:17-CR-505 KOB-SGC (001)

MARSHALL DAVID NEIPERT
     Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

     The defendant, MARSHALL DAVID NEIPERT, was represented by Jean-Jacques Cabou, Keith W. Miller and William C. Athanas.

     The defendant plead guilty to counts 1 and 2.  Accordingly, the court finds the defendant guilty of the following counts, involving the indicated offenses:

| Title & Section | Nature of Offense | Count Number |
| --- | --- | --- |
| 18 U.S.C. § 1960 and § 2 | Operating an Unlicensed Money-Transmitting Business | 1 |
| 18 U.S.C. § 1956(h) | Conspiracy to Launder Monetary Instruments | 2 |

     As pronounced on January 17, 2019, the court sentenced the defendant as provided in pages 2 through 6 of this Judgment.  The court imposed the sentence pursuant to the Sentencing Reform Act of 1984.

     The court ordered that the defendant shall pay to the United States a special assessment of $200.00, for counts 1 and 2, which shall be due immediately.

     The court further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

     Signed this the 20th day of February, 2019.

_/s/ Karon O. Bowdre_
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE

Case 2:17-cr-00505-KOB-SGC   Document 42   Filed 02/20/19   Page 2 of 9

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 6

Defendant:  MARSHALL DAVID NEIPERT
Case Number:   2:17-CR-505 KOB-SGC (001)

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **Twenty-four (24) months** as to Counts 1 and 2, with each count to be served concurrently with the other.

The court makes the following recommendation to the Bureau of Prisons:

1) The defendant be housed in a minimal security facility or prison camp, preferably FCI Sheridan, Oregon.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons by noon on Tuesday, February 26, 2019.

**RETURN**

I have executed this Judgment as follows:

Defendant delivered on _____ to _____ at _____
_____ , with a certified copy of this Judgment.

United States Marshal

By _____
Deputy Marshal

Case 2:17-cr-00505-KOB-SGC   Document 42   Filed 02/20/19   Page 3 of 9

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Supervised Release

Judgment--Page 3 of 6

Defendant:  MARSHALL DAVID NEIPERT
Case Number:   2:17-CR-505 KOB-SGC (001)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **24 months**. The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

### STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:
1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced (if placed on probation) or released from custody (if supervised release is ordered), unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.
3) You must not commit another federal, state, or local crime.
4) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers). Revocation of supervision is mandatory for possession of a firearm.
5) You must not unlawfully possess a controlled substance.
6) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. You must contribute to the cost of drug testing unless the probation officer determines you do not have the ability to do so. Based upon a court order entered during the period of supervision for good cause shown or resulting from a positive drug test or evidence of excessive use of alcohol, you shall be placed in the Substance Abuse Intervention Program (SAIP) (or comparable program in another district).
7) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
8) You must follow the instructions of the probation officer related to the conditions of supervision.
9) You must answer truthfully the questions asked by the probation officer.
10) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. (If you have been convicted of a crime of violence or a drug trafficking offense, the probation office is responsible for complying with the notice provisions of 18 U.S.C. § 4042(b) and (c) if you change your residence.)
11) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
12) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as the position or the job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
13) You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
14) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
15) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
16) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk, and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
17) You must fully and truthfully disclose financial information as requested by the probation officer related to the conditions of supervision. Financial information may include, but is not limited to, authorization for release of credit information, bank records, income tax returns, documentation of income and expenses, and other financial information regarding personal or business assets, debts, obligations, and/or agreements in which the defendant has a business involvement or financial interest.
18) You must support all dependents.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Continuation of Standard Conditions of Supervised Release

Judgment--Page 4 of 6

Defendant: MARSHALL DAVID NEIPERT
Case Number: 2:17-CR-505 KOB-SGC (001)

**CONTINUATION OF STANDARD CONDITIONS OF SUPERVISED RELEASE**

19) You must comply with the probation office's Policies and Procedures Concerning Court-Ordered Financial Obligations to satisfy the balance of any monetary obligation resulting from the sentence imposed in the case. Further, you must notify the probation officer of any change in your economic circumstances that might affect your ability to pay a fine, restitution, or assessment fee. If you become more than 60 days delinquent in payments of financial obligations, you may be: (a) required to attend a financial education or employment preparation program under the administrative supervision of the probation officer; (b) placed on home detention subject to location monitoring for a maximum period of 90 days under the administrative supervision of the probation officer (and you must pay the cost of monitoring unless the probation officer determines you do not have the ability to do so); and/or (c) placed in a community corrections center for up to 180 days under the administrative supervision of the probation officer (and you must pay the cost of subsistence unless the probation officer determines you do not have the ability to do so).

Case 2:17-cr-00505-KOB-SGC   Document 42   Filed 02/20/19   Page 5 of 9

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 (cont'd) - Supervised Release

Judgment--Page 5 of 6

Defendant:  MARSHALL DAVID NEIPERT
Case Number:  2:17-CR-505 KOB-SGC (001)

## SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) You must participate in a mental health treatment program under the administrative supervision of the probation officer, and you must comply with the requirements and rules of the program.  You shall contribute to the cost of the treatment unless the probation officer determines you do not have the ability to do so.
2) You must participate in the Computer and Internet Restriction/Monitoring Program (or comparable program in another district) under the administrative supervision of the probation officer, and you must follow the requirements of the program. This program includes the following: (a) You must not possess or use any computer or Internet capable device without the prior approval of the probation officer or the court. You must notify the probation officer before altering or effecting repairs to any computer or Internet capable device you use. (b) You must permit the probation officer to conduct periodic, unannounced examinations of any computer and Internet capable device you use, other than equipment owned by your employer that is maintained at a place of employment other than your home.  The examination may include the retrieval and copying of all data from the computer or Internet capable device, and internal or external peripheral equipment, and any software. (c) You must allow the installation of hardware/software on any Internet capable device you use, other than equipment owned by your employer, that will enable monitoring of your computer and/or Internet use and compliance with conditions of probation or supervised release.  You must submit to such monitoring and shall pay the cost of such monitoring under the administrative supervision of the probation officer.  You must consent to the placement of a notice on any computer or Internet capable device upon which monitoring hardware/ software is installed to warn others of the existence of the monitoring, and you must warn other people who use these computers or Internet capable devices that the computers or devices may be subject to searches pursuant to this condition. (d) You must not use any computer or Internet capable device owned by your employer except for the strict benefit of your employer in the performance of your job-related duties. (e) You must consent to third-party disclosure to any employer or potential employer of any computer and/or Internet use restrictions which have been imposed upon you. (f) You must provide the probation officer with accurate information about all hardware and software which comprise any computer system and/or Internet capable device you use; all passwords you use; and information pertaining to all Internet service providers you use, whether specifically subscribed by you or not. (g) You must provide personal and business billing records of any computer or Internet capable device you own or use upon request by the probation officer, and you must provide the probation officer with written authorization for release of information from the service provider of any Internet capable device you use (other than equipment owned by your employer). (h) You must not possess or use any type of data encryption or stenography software or technique. You must not alter, delete, or hide records pertaining to computer or Internet capable device, access, retrieval, or storage.
3) You must cooperate in the collection of DNA under the administrative supervision of the probation officer.
4) You must participate in an alcohol or drug treatment program under the direct supervision of the probation officer, if the probation officer deems it necessary and you are to contribute to the costs of the program unless the probation officer finds that you are unable to do so.
5) You must perform 10 hours of community service under the administrative supervision of the probation officer.

Case 2:17-cr-00505-KOB-SGC   Document 42   Filed 02/20/19   Page 6 of 9

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 6 - Restitution and Forfeiture

Judgment--Page 6 of 6

Defendant:  MARSHALL DAVID NEIPERT
Case Number:   2:17-CR-505 KOB-SGC (001)

## RESTITUTION AND FORFEITURE

### FORFEITURE

The defendant is ordered to forfeit the following property to the United States:

1)  The amount of $9,500,000 in United States currency;

2)  $502.368.64 in United States currency seized from Neipert at the time of arrest on or about October 13, 2016;

3)  $130,187.00 in United States currency seized from a dwelling in Friendswood, Texas on or about October 13, 2016;

4)  $8,000.00 in United States currency seized from a package in a UPS box at 133 Friendswood Drive, Friendswood, Texas 77546, on or about October 13, 2016;

5)  $18,700.00 in United States currency seized from a package in a UPS box at 133 Friendswood Drive, Friendswood, Texas 77546, on or about October 13, 2016;

6)  $10,00 in United States currency seized from the center console of Neipert's Dodge Ram truck on or about October 13, 2016;

7)  $48,973.17 funds transferred by Neipert to a Secret Service Undercover bank account on or about October 13, 2016;

8)  515.33 Bitcoins seized from Neipert's Trezor Bitcoin safe on or about October 13, 2016;

9)  92.22552736 Bitcoins seized from Neipert's "Computer_Electrum_2" wallet on or about October 13, 2016;

10)  48.999904 Bitcoins seized from Neipert's "Computer_Electrum wallet" on or about October 13,  2016;

11)  73.450502843 Bitcoins seized from Neipert's "Computer_Electrum_incoming" wallet on or about October 13, 2016;

12)  13.21317253 Bitcoins seized from Neipert's Mobile_Samsung_Myceliium_Wallet 1 on or about October 13, 2016;

13) 9.29979838 Bitcoins seized from Neipert's "Computer_Electrum_3" wallet on or about October 13, 2016;

14)  30.71807836 Bitcoins (formerly 4,111.6 Litecoins), seized from Neipert, which were stored on the Trezor device (see item 6 above) that was seized from a dwelling in Friendswood, Texas, on or about October 13, 2016;

15)  Any and all cryptocurrency derived from hard forks of the Bitcoin Blockchain occurring after October 13, 2016, to include but not limited  to the following:

a) 783.23700906 Bitcoin Cash (BCH) (Bitcoin fork on August 1, 2017);

b) 783.23700906 Bitcoin Gold (BTG)(Bitcoin fork on October 24, 2017); and,

c) 783.23700906 Bitcoin SV (BSV)(Bitcoin Cash fork on November 15, 2018);

16) Bitcoin key storage device with a bag of removeable keys from the safe located in Bedroom 3 of a dwelling in Freindswood, Texas on or about October 13, 2016;

17) KeepKey Bitcoin Safe, unknown serial number, black in color, with cord seized from a dwelling in Friendswood, Texas on or about October 13, 2016;

18) Trezor Bitcoin Safe with cord seized from entry/foyer of the main residence of a dwelling in Friendswood, Texas on or about October 13, 2016;

19) Huawei Nexus cell phone, serial number XV7N1631000443 seized from Neipert on or about October 13,2016;

20) Dell laptop computer, serial number DPNG9NYFA01 seized from Neipert on or about October 13, 2016;

21) 128GB Samsung USB 3.0 thumb drive, unknown serial number, seized from Neipert on or about October 13, 2016;

22) Asus laptop with cords, Serial # EAN0CX843040445, seized from a dwelling on or about October 13, 2016;

23) Smith and Wesson, model: Bodyguard .380 caliber semi-automatic pistol, serial number EBJ6801, and accompanying ammunition seized from Neipert at the time of his arrest on or about October 13, 2016;

24) Money wrappers and vacuum sealing material seized from a dwelling in Friendswood, Texas on or about October 13, 2016, including a FoodSaver vacuum sealer, unknown serial number, seized from bedroom 3;

25) Royal Sovereign currency counter, serial number K1412LA44922, seized from a dwelling in Houston, Texas on or about October 13, 2016;

26) Real property located at 14706 Sun Harbor Drive, Houston, Texas, 77062, together with all fixtures and appurtenances, thereon, more particularly described as: Lot 52, Block 2, of Bay Glen Section 1, a subdivision in Harris County, Texas, according to the map or plat thereof recorded in Volume 334, Page 68 of the map records of Harris County, Texas;

27) One 1908 United States Indian One Cent coin, good, corroded;

28) One 1889 United States Indian One Cent coin, VG;

29) One 1882 United States Barber Dime, good;

30) One 1971 Apollo 14 mini silver token, FM;

31) One 1978 Panama $75.00 Gold Proof Coin (.500);

32) Thirty-eight 1/10 oz United States Gold Eagles, mixed date;

33) Twelve 1/10 oz. Australia Gold;

34) One 1/20 oz. United States Gold Eagle coin;

35) Four 1/10 oz. gold-mixed coins;

36) One 2014 1 oz United States Buffalo coin;

37) Two 2013 1 oz. Canada Gold Maple leafs coin;

38) Ten 1 oz. Canada Gold Maple leafs coins, mixed dates;

39) Ten 1 oz. S.A. Gold Krugerrands;

40) One 1 oz. Canada Gold coin;

41) Twenty 1 oz. United States Gold Eagles, mixed dates;

42) Twenty 1 oz. S.A. Gold Krugerrands, mixed dates;

43) Nineteen 1 oz. United States Gold Buffalo's, mixed dates;

44) One 2014 1 oz. Gold Australia Horse coin;

45) One 1947 50 Pesos Mexico Gold coin, cleaned;

46) Three 1945 2 Peso Mexico Gold coin;

47) One 1945 2/5 Peso Mexico Gold coin;

48) One 1859 BB 20 Francs Gold coin, XF cleaned;

49) Two 2014 1/4 oz. United States Gold coin;

50) Two 2013 1/2 oz. United States Gold coin;

51) Three 1 oz. United States Gold Coins, mixed dates;

52) One 1977 S.A. 1 oz. Gold Krugerrand;

53) Three 2003 1 oz, United States Gold Eagles;

54) Twenty 2016 1 oz. United States Gold Buffalo's on Mint Sheet;

55) Thirty United States Silver Dollars;

56) Two United States Ike Dollar coins;

57) Three $10.00 Rolls of Common Kennedy Half Dollar coins;

58) One 1996 Canada $2.00 coin;

59) Fifty-six 1964 United States Kennedy 90% Silver Half-Dollar coins;

60) Two 1965 United States Kennedy 40% Silver Half Dollar coins;

61) Set of Two United States Silver Dollars (1882-S, AG. & 1901-S);

62) Three 1922 United States Peace Dollar coins, circulated;

63) One 1948 Mexico 5 Peso .900 Silver coin;

64) One Silver Token, .999 1/2 oz.;

65) Seventy-two United States Walking Liberty Half Dollar coins, Common, circulated;

66) One Hundred Eighty-Nine United States Benjamin Franklin Half Dollar coins, Common circulated;

67) Eight S1. SBA Dollar coins (1979 to 1980); and,

68) Seventy-seven $1.00 coins, "Modern-Current" (2000 - Present).

The court will enter a separate forfeiture order with the judgment filed in this case.